UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARL T. COLDIRON, | ) | CASE NO. 3:08 CV 957 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DIANE KANTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 15, 2008, pro se plaintiff Carl T. Coldiron filed the above-captioned action under 42 U.S.C. § 1983 against Auglaize County Court Reporters Diane Kanter and Wilma Wells. In the complaint, plaintiff alleges the defendants altered the official transcript of his criminal trial which prevented him from raising an error an appeal. He seeks monetary damages.

**Background**

Mr. Coldiron was convicted on two counts of rape, one count of attempted rape, and one count of having a weapon under disability in August 2000. He contends that he paid an attorney $ 80,000 to file an appeal of his conviction. His appeal was unsuccessful. In 2003, he discovered that a portion of the prosecutor's opening statement was omitted from the transcript. He alleges that the prosecutor referred to him as a "serial rapist" which drew an objection from his

attorney. He claims his attorney requested a mistrial which was denied. Mr. Coldiron claims that the prosecutor's comment and the court's ruling on the mistrial were missing from the official transcript submitted to the Court of Appeals. He claims his attorney was therefore prevented from raising this issue as an error on appeal. Mr. Coldiron asserts that the defendants denied him due process.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Coldiron's claims are barred by the applicable statute of limitations period. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2000, approximately eight years before this action was filed.

Mr. Coldiron anticipates that the statute of limitations has run, and asserts that the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

omission should be considered a continuing violation as the transcript has not yet been corrected. State law determines the applicable statute of limitations period to be applied in a § 1983 action. Wilson v. Garcia, 471 U.S. 261, 267 (1985). Federal law, however, governs when the statute of limitations period begins to run. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). For § 1983 actions, the "statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273 (citations omitted). Mr. Coldiron provides a letter from his attorney dated August 26, 2002 in which the attorney stated that he did recall the prosecutor's comment and the request for the mistrial. He indicated he does not have a copy of the transcript but stated that one could be obtained from the court reporter. Mr. Coldiron also includes an affidavit from his attorney dated October 2, 2003. The affidavit reiterated that the attorney did not have access to the transcript but he recalled the prosecutor's remark and the request for a mistrial. The affidavit stated that to the extent that the transcript does not reflect this conversation, "then such transcript is in error." (Compl. Ex. 3.) At the very latest, Mr. Coldiron was aware of the omission in the transcript as early as August 2002 and by October 2003 had an affidavit from his attorney affirming his contention. This action was filed on April 15, 2008, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the

3

court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.

                                  /s/ David A. Katz

                                  DAVID A. KATZ
                                  UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a) provides, in pertinent part:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.